(100)                    NETTLES v. SWEAZEA AND OTHERS.

1. Where several defendants are sued, some acquitted and others found guilty, and the judgment is reversed, on a second trial all the defendants may join in a plea unless the plaintiff is injured by it.
2. A general demurrer will not lie where the plea is good in form and substance, though pleaded out of time – the objection should be made to filing.
3. A plea *puis darrien c mtinuance* may be pleaded *nunc pro tunc*, notwithstanding there has been a continuance since the existence of the subject matter of the plea. (Note *a*.)
4. On a plea of release, the venue may be laid according to the truth, no matter where made.
5. On plea of release, pleaded *puis darrien continuance*, costs should be awarded the plaintiff to the time of filing—the defendant after that time.

IN ERROR from the Cape Girardeau Circuit Court.

M'GIRK, C. J., delivered the opinion of the Court.

This was an action of assault and battery by Nettles against Sweazea and several others; the plaintiff had judgment, and that was reversed, but on the trial some three or four persons were acquitted, the others found guilty, when this judgment was reversed and sent back to be tried. All the defendants to the original action joined in a plea of release; this plea showed that the release was made before the former trial, and of course a term had intervened between the time of making the release and the time of pleading. The plea was demurred to; the demurrer was overruled, and judgment for the defendants. The error assigned is a general one.

The points relied on in argument are, first, that the defendants acquitted, and those found guilty on the first trial, have joined in the plea; this point is not much relied on. The law on this point is, that Nettles cannot avail himself of this if it be wrong, unless he can show that in some way he is injured by it. I cannot see how he is injured; this point is ruled against him.

Second point is, that this plea is bad, because it appears by the record that a term had elapsed between the time of the release being made, and the time of pleading it. This point is ruled for the defendants in error; a general demurrer cannot reach this matter. If the plea is good in form and substance, but is pleaded out of time, the objection should be made against filing it; and the fact whether a continuance had (101) intervened or not, has, as I conceive, no other effect than to regulate the costs accrued to the time of the plea pleaded. It appears by Chitty's pleadings, 637, that though a term had intervened, the Court allowed the party to file his plea, *puis darrien continuance nunc pro tunc.*

Third point is, that the plea is bad, because it shows the award and satisfaction took place in a different county from that in which the trial was to be had; the answer to this is, that the venue as to the making the release, may be laid according to the truth, no matter where the fact took place.

Nettles *v.* Sweazea.

Fourth point is, that the Court erred in giving judgment for the whole costs against Nettles; this point is ruled for the plaintiff in error.   The judgment in the Circuit Court should have been for costs in favor of Nettles, up to the time of pleading the release, and after that time in favor of Sweazea.   The judgment of the Circuit Court upon the demurrer, is affirmed, and as to the costs, reversed, and the costs up to the time of pleading the plea of release is to be adjudged against Sweazea, and after that, against Nettles, and Sweazea pay the costs of this writ of error.

(*a.*)   See Thomas *v.* Van Doren et al., 6 Mo. R., p. 201.